Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8910 | **DATE** | 11/15/2004 |
| **CASE TITLE** | SECURITIES & EXCHANGE COMMISSION vs. KEVIN M. STOFFER, et al | | |

**MOTION:**
[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Filed consents of defendants John Fringer, Andrew J. Johnson and Kevin M. Stoffer. Enter final judgment as to defendant John Fringer, Andrew J. Johnson and Kevin M. Stoffer. Status hearing set for 12/10/04 to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 16 2004 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 2004 NOV 16 AM 8:11 | date mailed notice | |
| CG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

*FILED*

*NOV 1 5 2004*

*RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT*

| | |
|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN M. STOFFER,<br>ANDREW J. JOHNSON,<br>JOHN FRINGER, and<br>JOHN F. WEIR,<br><br>Defendants. | Case No.: 1:03-cv-8910<br><br>Judge Guzman<br><br>Magistrate Judge Denlow |

**DOCKETED**

NOV 1 6 2004

## CONSENT OF DEFENDANT JOHN FRINGER

1.    Defendant John Fringer ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)    permanently enjoins him from violating Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5 and 13b2-1 thereunder;

        (b)    bars him from serving as an officer or director of any public company pursuant to Section 21(d)(2) of the Exchange Act; and



1

(c)      orders Defendant to pay a civil penalty in the amount of $65,000 under

Section 21(d)(3) of the Exchange Act.

3.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on

4

service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 5/1/2004

_John Fringer_

John Fringer

On MAY 1 , 2004, John FRINGER , a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

```
"OFFICIAL SEAL"
Sandra M. Jimenez
Notary Public, State of Illinois
My Commission Expires April 12, 2006
```

Notary Public

Commission expires: APRIL 12, 2006

Approved as to form:

William J. Dorsey, Esq.
Attorney for Defendant
KATTEN MUCHIN ZAVIS ROSENMAN
525 W. Monroe Street, Suite 1600
Chicago, Illinois 60661-3693
(312) 902-5475 (Tel.)
(312) 577-8729 (Fax)

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**

NOV 1 6 2004

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

                Plaintiff,

      v.

KEVIN M. STOFFER,
ANDREW J. JOHNSON,
JOHN FRINGER, and
JOHN F. WEIR,

                Defendants.

Case No.: 1:03-cv-8910

Judge Guzman

Magistrate Judge Denlow

## FINAL JUDGMENT AS TO DEFENDANT JOHN FRINGER

The Securities and Exchange Commission having filed a Complaint and Defendant John

Fringer ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Final Judgment without

admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of

fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

### [PERMANENT INJUNCTION PROHIBITING VIOLATIONS
### OF SECTION 10(b) OF EXCHANGE ACT AND RULE 10b-5 THEREUNDER]

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the



Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

### [PERMANENT INJUNCTION PROHIBITING VIOLATIONS OF SECTION 13(b)(5) OF EXCHANGE ACT AND RULE 13b2-1 THEREUNDER]

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1], by:

(a)      knowingly circumventing or knowingly failing to implement a system of internal accounting controls;

2

(b)     knowingly falsifying any book, record or account subject to Section 13(b)(2)(A) of

the Exchange Act; or

(c)     directly or indirectly, falsifying any book, record or account subject to Section

13(b)(2)(A) of the Exchange Act.

## III.

### [ORDER REQUIRING PAYMENT OF CIVIL PENALTIES]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a

civil penalty in the amount of $65,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §

78u(d)(3)]. Defendant shall make this payment within thirty (30) business days after entry of this

Final Judgment by certified check, bank cashier's check, or United States postal money order payable

to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office

of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General

Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

identifying Defendant as a defendant in this action; setting forth the title and civil action number of

this action and the name of this Court; and specifying that payment is made pursuant to this Final

Judgment. A copy of such cover letter and money order or check shall be sent to the Commission's

counsel of record in this action.

## IV.

### [OFFICER AND DIRECTOR BAR]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to

Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from

acting as an officer or director of any issuer that has a class of securities registered pursuant to

3

Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to

Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## V.

### [INCORPORATION OF CONSENT OF DEFENDANT]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## VI.

### [RETENTION OF JURISDICTION]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

### [RULE 54(b) CERTIFICATION]

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____11/15/04_____

_____
UNITED STATES DISTRICT JUDGE

4

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*FILED*

*NOV 1 5 2004*

*RONALD A. GUZMAN, JUDGE*
*UNITED STATES DISTRICT COURT*

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN M. STOFFER, ANDREW J. JOHNSON, JOHN FRINGER, and JOHN F. WEIR, <br><br> Defendants. | Case No.: 1:03-cv-8910 <br><br> Judge Guzman <br><br> Magistrate Judge Denlow |

**DOCKETED**

**NOV 1 6 2004**

## CONSENT OF DEFENDANT ANDREW J. JOHNSON

1.    Defendant Andrew J. Johnson ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

  (a)    permanently enjoins him from violating Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5 and 13b2-1 thereunder; and

  (b)    bars him from serving as an officer or director of any public company pursuant to Section 21(d)(2) of the Exchange Act.

1

21

3.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.     Defendant waives the right, if any, to appeal from the entry of the Final Judgment.

5.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

2

including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the Commission's policy ."not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

3

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

4

Dated: 4/16/04 _____          _Andrew J. Johnson_
                                        Andrew J. Johnson

On _4-16-___, 2004, _Andrew J. Johnson_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_Judith L. Strand_
Notary Public
Commission expires:

"OFFICIAL SEAL"
JUDITH L. STRAND
Notary Public, State of Illinois
My Commission Exp. 12/15/2004

Approved as to form:

_____
Julian Solotorovsky
William V. Essig
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 857-7070

Attorney for Defendant

5

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**
**NOV 1 6 2004**

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

                Plaintiff,

        v.

KEVIN M. STOFFER,
ANDREW J. JOHNSON,
JOHN FRINGER, and
JOHN F. WEIR,

                Defendants.

Case No.: 1:03-cv-8910

Judge Guzman

Magistrate Judge Denlow

## FINAL JUDGMENT AS TO DEFENDANT ANDREW J. JOHNSON

The Securities and Exchange Commission having filed a Complaint and Defendant Andrew
J. Johnson ("Defendant") having entered a general appearance; consented to the Court's jurisdiction
over Defendant and the subject matter of this action; consented to entry of this Final Judgment
without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived
findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

### [PERMANENT INJUNCTION PROHIBITING VIOLATIONS
### OF SECTION 10(b) OF EXCHANGE ACT AND RULE 10b-5 THEREUNDER]

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and
Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation
with them who receive actual notice of this Final Judgment by personal service or otherwise are
permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the



Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

### [PERMANENT INJUNCTION PROHIBITING VIOLATIONS OF SECTION 13(b)(5) OF EXCHANGE ACT AND RULE 13b2-1 THEREUNDER]

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1], by:

    (a)    knowingly circumventing or knowingly failing to implement a system of internal accounting controls;

(b)     knowingly falsifying any book, record or account subject to Section 13(b)(2)(A) of

the Exchange Act; or

(c)     directly or indirectly, falsifying any book, record or account subject to Section

13(b)(2)(A) of the Exchange Act.

## III.

## [INCORPORATION OF CONSENT OF DEFENDANT]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## IV.

## [RETENTION OF JURISDICTION]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## V.

## [RULE 54(b) CERTIFICATION]

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____11/15/04_____

_Ronald A. Guzman_
UNITED STATES DISTRICT JUDGE

3

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**FILED**

**NOV 1 5 2004**

RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

                  Plaintiff,

        v.

KEVIN M. STOFFER,
ANDREW J. JOHNSON,
JOHN FRINGER, and
JOHN F. WEIR,

                  Defendants.

Case No.: 1:03-cv-8910

Judge Guzman

Magistrate Judge Denlow

**DOCKETED**

NOV 1 6 2004

## CONSENT OF DEFENDANT KEVIN M. STOFFER

      1.    Defendant Kevin M. Stoffer ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

      2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a)    permanently enjoins him from violating Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5 and 13b2-1 thereunder;

      (b)    bars him from serving as an officer or director of any public company pursuant to Section 21(d)(2) of the Exchange Act; and

21

(c)     orders Defendant to pay a civil penalty in the amount of $75,000 under Section 21(d)(3) of the Exchange Act.

3.     Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.     Defendant waives the right, if any, to appeal from the entry of the Final Judgment.

6.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

2

9.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

3

while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In

compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to

be made any public statement denying, directly or indirectly, any allegation in the complaint or

creating the impression that the complaint is without factual basis; and (ii) that upon the filing of

this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they

deny any allegation in the complaint. If Defendant breaches this agreement, the Commission

may petition the Court to vacate the Final Judgment and restore this action to its active docket.

Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take

legal or factual positions in litigation or other legal proceedings in which the Commission is not

a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant

to defend against this action. For these purposes, Defendant agrees that Defendant is not the

prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative

proceeding or investigation commenced by the Commission or to which the Commission is a

party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and

places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile

transmission of notices or subpoenas issued by the Commission for documents or testimony at

depositions, hearings, or trials, or in connection with any related investigation by Commission

staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices

and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on

4

service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _6/1/04_                    _____
                                   Kevin M. Stoffer

On _June 1_, 200_4_ _Kevin M. Stoffer_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____

    "OFFICIAL SEAL"
    ROCHELLE RADA                 _____
 Notary Public, State of Illinois  Notary Public
My Commission Expires  08/01/04    Commission expires: _8-1-04_

Approved as to form:

_____
Robert W. Tarun
Erin S. Shaw
Attorneys for Defendant
LATHAM & WATKINS LLP
233 South Wacker Drive
Sears Tower, Suite 5800
Chicago, Illinois  60606

5

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

                      Plaintiff,

        v.

KEVIN M. STOFFER,
ANDREW J. JOHNSON,
JOHN FRINGER, and
JOHN F. WEIR,

                    Defendants.

DOCKETED
NOV 1 6 2004

Case No.: 1:03-cv-8910

Judge Guzman

Magistrate Judge Denlow

## FINAL JUDGMENT AS TO DEFENDANT KEVIN M. STOFFER

The Securities and Exchange Commission having filed a Complaint and Defendant Kevin M. Stoffer ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

### [PERMANENT INJUNCTION PROHIBITING VIOLATIONS OF SECTION 10(b) OF EXCHANGE ACT AND RULE 10b-5 THEREUNDER]

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the



Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with

the purchase or sale of any security:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to make any untrue statement of a material fact or to omit to state a material fact

            necessary in order to make the statements made, in the light of the circumstances

            under which they were made, not misleading; or

    (c)      to engage in any act, practice, or course of business which operates or would

            operate as a fraud or deceit upon any person.

## II.

### [PERMANENT INJUNCTION PROHIBITING VIOLATIONS OF SECTION 13(b)(5) OF EXCHANGE ACT AND RULE 13b2-1 THEREUNDER]

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder

[17 C.F.R. § 240.13b2-1], by:

    (a)      knowingly circumventing or knowingly failing to implement a system of internal

            accounting controls;

2

(b)    knowingly falsifying any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act; or

(c)    directly or indirectly, falsifying any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

## III.

### [ORDER REQUIRING PAYMENT OF CIVIL PENALTIES]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of $75,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Defendant as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of such cover letter and money order or check shall be sent to the Commission's counsel of record in this action.

## IV.

### [OFFICER AND DIRECTOR BAR]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to

3

Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to

Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

**V.**

**[INCORPORATION OF CONSENT OF DEFENDANT]**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

**V.**

**[RETENTION OF JURISDICTION]**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VI.**

**[RULE 54(b) CERTIFICATION]**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: ___11/15/04___        _____

                              UNITED STATES DISTRICT JUDGE

4